**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 13 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OSWALDO ALEXANDER GIRON-
MUNGIA, AKA Oswaldo Alexander Giron-
Munguia,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 15-73296

Agency No. A087-990-806

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019**

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Oswaldo Alexander Giron-Mungia, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his application for

withholding of removal and relief under the Convention Against Torture ("CAT").

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We dismiss in part, deny in part, and grant in part the petition for review, and we remand.

We lack jurisdiction to consider Giron-Mungia's contentions as to the proposed social group he raises for the first time in his opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence supports the agency's denial of CAT relief because Giron-Mungia failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (finding that "[a] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence" and that "inability to bring the criminals to justice is not evidence of acquiescence.").

As to withholding of removal, the agency did not have the benefit of *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017) (holding that the "one central reason" standard applies to asylum but not withholding of removal). Thus, we grant the petition for review and remand Giron-Mungia's withholding of

15-73296

removal claim to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The government will bear the costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**